### DRAKE *v.* KITCHENS.

4-2995

Opinion delivered March 6, 1933.

John C. Sheffield, Peter A. Deisch and Moore, Daggett & Burke, for appellant.

Jo M. Walker, Edwin Bevens and W. G. Dinning, for appellee.

HUMPHREYS, J. On petition of appellant, a writ of certiorari was issued out of this court to bring up the record in a habeas corpus proceeding by appellant against appellee in the chancery court of Phillips County, on the trial of which the writ of habeas corpus was denied.

It was alleged in appellant's petition for a writ of habeas corpus that he was held and confined by appellee, sheriff, in the county jail of said county under an invalid commitment issued by Leo J. Mundt, claiming to be the judge of the municipal court of Helena, Arkansas.

In the response filed to the petition by appellee, he admitted that he was holding appellant in said jail under a commitment for robbery issued by Leo J. Mundt, judge of the municipal court of Helena, but denied that the commitment was invalid.

The cause was submitted upon the petition, response, and an agreed statement of facts, which is as follows:

"It is hereby stipulated and agreed that the following facts shall be taken as true and shall be used as the testimony on which the court may base its findings.

"First, that a vacancy existed in the office of municipal judge of the city of Helena, Arkansas, on the 30th day of December, 1932.

"Second, a commission was issued by the Governor of the State of Arkansas to one Charles W. Straub purporting to appoint Charles W. Straub the municipal judge of the city of Helena, Arkansas. The said commission issued on the 31st day of December, 1932.

1044

"Third, that the city council of the city of Helena, Arkansas, refused to be bound by such appointment, and on the 31st day of December, 1932, the said city council of the city of Helena, Arkansas, met in special session duly and legally called and held and on the said date and at such meeting duly and regularly appointed and elected Leo J. Mundt as municipal judge of the said city of Helena, Arkansas.

"Fourth, thereafter and immediately following the election and appointment of the said Leo J. Mundt as municipal judge by the said city council of the said city of Helena, Arkansas, the said Leo J. Mundt took, and has ever since that time held, physical possession of the said office. The said Leo J. Mundt has uninterruptedly, since his appointment, regularly held the said court at the time and place designated by law. He has complete and exclusive charge of all papers, records and dockets pertaining to the said court, all by order of the city council of the city of Helena, Arkansas. The regularly and duly elected city clerk of the city of Helena, Arkansas, has been acting as the clerk of said municipal court, obeying only the orders of the said Leo J. Mundt; this by the order of the said city council; that no docket entries, nor orders have ever been made by the said clerk of the municipal court except such as have been made by the said Leo J. Mundt.

"That the said C. W. Straub undertook on five occasions to hold the said court. On such occasions he acted without the records of the said court, except warrants that had been issued by himself in county cases, having no dockets nor any papers nor other records pertaining to the said court. No judgments or other docket entries have been made on the order of C. W. Straub by the clerk of the municipal court. This was by order of the mayor and city council of the city of Helena, Arkansas.

"That on the 2d day of January the county court ordered and directed R. G. Howard, clerk of the municipal court to deliver over to C. W. Straub all dockets and

records in civil, county and State cases, and the said order was duly served on R. G. Howard, and he refused to obey said order of the county court and refused to deliver possession of said court records to C. W. Straub as therein directed."

It was not alleged, and the agreed statement of facts does not reflect, that the process of commitment was issued out of a court that had no jurisdiction over the crime charged or that the process was void for any other reason than that the judge who presided over the court and signed the commitment was not entitled to hold the office.

The general rule announced in 29 C. J. page 40, § 32, is as follows:

"If the court or office is of recognized legal existence and the officer is at least a *de facto* officer and not a mere trespasser, his legal title to that office cannot be questioned in a habeas corpus proceeding."

This court said in the case of Ex parte *Andrew Jackson,* 45 Ark. 158 (quoting syllabus three) that:

"Where one is held in custody for crime upon void process of commitment or without any process, a chancellor may discharge him upon habeas corpus; but, if the process be valid, and the prisoner not entitled to bail, the chancellor cannot go behind the process to determine whether there was error in the proceedings."

This court also said in the case of *Keith* v. *State,* 49 Ark. 439, 5 S. W. 880, that the right to office cannot be questioned collaterally.

Neither one of the claimants to the office of municipal judge are parties to the proceeding, and, in order to try the title to the office, both should be parties in a proper proceeding for that purpose.

This proceeding is clearly a collateral attack upon the judgment of a *de facto,* if not a *de jure,* official and cannot be maintained.

The decree denying the writ of habeas corpus is affirmed.